**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| CED Red Lake Falls Community Hybrid, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Minnesota Public Utilities Commission, <br><br> Defendant. | Civil File No. 19-CV-01468 (NEB/LIB) <br><br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

**INTRODUCTION**

This Court has jurisdiction over the narrow claim brought by Plaintiff, CED Red Lake Falls Community Hybrid, LLC ("Plaintiff" or "Red Lake Falls"), and should therefore deny Defendant Minnesota Public Utilities Commission ("Defendant" or "MPUC")'s Motion to Dismiss. Red Lake Falls' Complaint alleges that the MPUC failed to implement Federal Energy Regulatory Commission ("FERC") regulation 18 C.F.R. § 292.304(a)(2)(ii), which states that a qualifying facility ("QF") has the option to receive rates "calculated at the time the [legally enforceable] obligation is incurred."

Neither Minnesota or MPUC have a statute or rule on point to address this particular regulation, and there have been no other QF orders in Minnesota where the MPUC found the existence of a legally enforceable obligation. Thus, the only evidence of the MPUC's implementation of this particular issue is through a single order, the MPUC's Order Establishing Date of Legally Enforceable Obligation, Term Length, and

Avoided Cost of Energy for the Red Lake Falls Hybrid Solar/Wind Project. MPUC Docket No. E-017/CG-17-464 ("MPUC Order"). That fact should not prevent this Court from considering whether the Commission is properly implementing PURPA, nor should QF developers be left at the mercy of MPUC's repeatedly making the same error before the Court gains jurisdiction.

Red Lake Falls acknowledges that challenges brought pursuant to the Public Utility Regulatory Policies Act of 1978 ("PURPA") follow two separate venues depending on the type of challenge – "implementation" challenges must be heard in federal courts and "as-applied" challenges are exclusively in the jurisdiction of state courts. 16 U.S.C. § 824a–3(g). However, Red Lake Falls disputes Defendant's characterization of Plaintiff's claim in this case as an implementation claim. Red Lake Falls seeks to enforce a FERC regulation that MPUC has failed to implement, and which clearly states that a QF may choose to have avoided costs calculated at the time a LEO is established. Such a claim is properly in federal court because:

> [T]he Congress created in § 210 a complete and independent scheme by which the purposes of the PURPA are to be realized. That scheme involves the promulgation of regulations by the FERC, and their subsequent enforcement exclusively in federal district court, at the insistence of either a private party or of the FERC itself.

*Industrial Cogenerators v. FERC*, 47 F.3d 1231, 1235-36 (D.C. Cir. 1995).

**ARGUMENT**

**I.  THE MPUC IMPLEMENTS PURPA BASED ON CASE BY CASE ADJUDICATION AND THUS RED LAKE FALLS CAN BRING AN IMPLEMENTATION CLAIM ARISING FROM A PARTICULAR ORDER.**

PURPA requires FERC to "prescribe, and from time to time thereafter revise, such rules as it determines necessary to encourage cogeneration and small power production." 16 U.S.C. § 824a-3(a).  The states, in turn, are tasked with implementing PURPA and FERC's regulations at the state level.  16 U.S.C. § 824a-3(f).  The United States Supreme Court has found that "a state commission may comply with the statutory requirements by issuing regulations, *by resolving disputes on a case-by-case basis*, or by taking any other action reasonable designed to give effect to FERC's rules."  *FERC v. Miss.*, 456 U.S. 742, 751 (1982) (emphasis added).  Where a state has failed to create a statute or rule on point, case-by-case adjudication *is* the state's form of implementation of a particular FERC regulation.

MPUC argues that Red Lake Falls has failed to bring an implementation claim because "Red Lake Falls does not challenge [Minnesota] statute or rules or assert that they conflict with PURPA.  In fact, Red Lake Falls' Complaint does not contain any citation to the Minnesota statutes or rules implementing PURPA." Mot. to Dismiss at 10.  As noted above, Red Lake Falls does not challenge Minnesota statutes or rules implementing PURPA. Indeed, Red Lake cannot challenge any Minnesota statutes or rules on point – there are none.  MPUC has no official implementation scheme to address the particular FERC regulation, 18 C.F.R. § 292.304(a)(2)(ii), that the MPUC violated in

3

the challenged order. The only evidence of implementation exists in the MPUC's Order itself and not in a statute or rule.

The section of statute the MPUC specifically relied on in determining avoided cost simply states, "[t]he qualifying facility shall be paid the utility's full avoided capacity and energy costs as negotiated by the parties, *as set by the commission*, or as determined through competitive bidding approved by the commission." MPUC Order at 12 (citing Minn. Stat. § 216B.164 subd. 4) (emphasis added in MPUC Order). The MPUC then wrote:

> In making this determination, the [MPUC] has applied the plain language of Minn. Stat. § 216B.164, subd. 4(b), which accords the [MPUC] the discretion to set the avoided cost of energy and capacity. The [MPUC] finds no need to determine if there is any conflict between PURPA and state law.

*Id.* Thus, the MPUC's position, based on its own statement, is that the Minnesota statute grants it the authority to set avoided cost however it sees fit, whether it conflicts with PURPA or not. This clearly does not meet the requirements for the MPUC to implement FERC's regulations because, as seen in the case of Red Lake Falls, it allows the MPUC to make determinations in clear violation of FERC regulations.

However, Red Lake Falls did not directly challenge the statute the MPUC relied on, because standing alone the statute has almost no meaning. It offers no real direction to the MPUC other than a vague grant of authority. The statute itself does not effectively implement PURPA, but it also does not directly conflict with PURPA. It simply exists without making any attempt at all to provide direction. Red Lake Falls did not challenge Minn. Stat. § 216B.164, subd. 4(b) because it does not believe that this statute reflects

4

Minnesota's actual implementation of PURPA. The statute is so vague that the only real evidence of Minnesota's attempt to implement PURPA are the MPUC's orders. These orders are implementation on a case-by-case basis as allowed by the United States Supreme Court from the earliest challenges to the cofederalism scheme of PURPA. *FERC v. Mississippi*, 456 U.S. 742, 751 (1982). The MPUC cannot avoid implementation challenges simply by the fact that there is no statute or rule on point to challenge.

## II. RED LAKE FALLS' PRAYER FOR RELIEF DOES NOT TURN A VALID IMPLEMENTATION CHALLENGE INTO AN AS-APPLIED CHALLENGE.

Defendant claims that Red Lake Falls' Complaint is an as-applied challenge because it requests relief that would benefit Plaintiff. *See* Mot. to Dismiss at 11 (arguing that Red Lake Falls has made an as-applied challenge because its requested relief would benefit Red Lake Falls). As discussed above, Red Lake Falls challenges the MPUC Order as the MPUC's rule-less, ad hoc method of implementing 18 C.F.R. § 292.304(a)(2)(ii). The fact that Red Lake Falls is affected by this improper implementation gives it standing to bring this claim. In its prayer for relief, Red Lake Falls asks this Court to find "the MPUC Order does not reasonably implement PURPA and FERC's regulations implementing PURPA." Compl. at 12. The two remaining items Red Lake Falls asks the Court to find[1] follow naturally from the first and do not change the nature of the underlying claim.

---

[1] 2. the MPUC's reliance on Otter Tail's 2017 Small Power Production Tariff as a substitute for calculating the avoided cost of a non-tariff eligible project with a LEO date of December 7, 2016 is inconsistent with the FERC's PURPA regulations.

5

This Court has the authority to limit any potential relief as it sees fit, but the fact that a ruling on the MPUC's implementation would also affect the Red Lake Falls project does not automatically remove it from the realm of an implementation claim. Defendant cannot claim that the effect of the MPUC Order, which to date is the only Minnesota precedent on this issue, will not affect other QF developers seeking to build projects in Minnesota. The MPUC's Order, coupled with the lack of clear statutes and regulations implementing PURPA, has great potential to deter other QF project developers from attempting to build projects in Minnesota because they have no indication that the MPUC will properly implement FERC's regulations.

This issue of when avoided cost is calculated is critical to QF developers because, as FERC has previously recognized, one goal of its regulations is "to prevent an electric utility from avoiding its PURPA obligations by. . .delaying the signing of a contract, *so that a later and lower avoided cost is applicable.*" *Cedar Creek Wind, LLC*, 137 FERC P 61006 (F.E.R.C. Oct. 4, 2011) (emphasis added). In the only instance the MPUC has had to actually implement PURPA,[2] the MPUC itself has violated the plain language of a

---

3. the MPUC must set a rate for Red Lake Falls that complies with PURPA and FERC's PURPA regulations by basing it on information available on December 7, 2016.

[2] Previous QF projects before the MPUC were found not to have created a legally enforceable obligation before the utility they sought to sell to was relieved of its "must purchase obligation" under PURPA, and thus the MPUC has never before reached the point of actually determining rates and contract terms for a QF before Red Lake Falls. *See*, *In the Matter of the Petition of Highwater Wind, LLC and Gadwall Wind, LLC, for Resolution of a Cogeneration and Small Power Production Dispute with Minnesota Power under Minn. Stat. § 216B.164*, Subd. 5, Docket No. E-15/CG-11-1073, 2013 Minn. PUC LEXIS 44.

FERC regulation and has caused a later and lower avoided cost to be applied.  The implications of this decision will be important to other developers and the future of QF projects in Minnesota.

Red Lake Falls did not ask this Court to invade the authority of the MPUC to set the specific rates or contract terms for its project.  Nor did Red Lake Falls ask this Court to reexamine the specific facts of its case before the MPUC.  The only facts Red Lake Falls believes are relevant to this Court's determination as to whether the MPUC failed to implement 18 C.F.R. § 292.304(a)(2)(ii) are that: 1) the MPUC determined the QF had a legally enforceable obligation as of December 7, 2016; and 2) the MPUC assigned the QF an avoided cost based on information not available until January 2017.  This is a clear failure to implement the FERC regulation that unambiguously states that the QF has a right to have its contract rate "calculated at the time the [legally enforceable] obligation is incurred."  18 C.F.R. § 292.304(a)(2)(ii).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

*[signature block on following page]*

Respectfully submitted,

Dated:  September 10, 2019	**UDA LAW FIRM, P.C.**


By:	*s/ Michael J. Uda*
	Michael J. Uda (admitted *pro hac vice*)
7 W. Sixth Avenue
Power Block Suite 615
Helena, MT  59601
Telephone:  (406) 457-5311
Email:  michaeluda@udalaw.com


**MASLON LLP**


By:	*s/ David E. Suchar*
	David E. Suchar (#392583)
	Evan A. Nelson (#0398639)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  (612) 672-8200
Email:  david.suchar@maslon.com
	evan.nelson@maslon.com


**ATTORNEYS FOR PLAINTIFF CED RED LAKE FALLS COMMUNITY HYBRID, LLC**