UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CED RED LAKE FALLS COMMUNITY HYBRID, LLC, | Case No. 19-CV-1468 (NEB/LIB) |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| MINNESOTA PUBLIC UTILITIES COMMISSION, | |
| Defendant. | |

CED Red Lake Falls Community Hybrid, LLC ("Red Lake Falls") sued the Minnesota Public Utilities Commission (the "MPUC") under section 210 of the Public Utility Regulatory Policies Act of 1979 ("PURPA"). In its complaint, Red Lake Falls claims that in setting Red Lake Falls' avoided cost rate, the MPUC failed to implement PURPA. The Court determines that because this suit is an as-applied challenge to the cost rate, the Court lacks subject-matter jurisdiction, and it must dismiss the suit.

BACKGROUND

I.  **Statutory and Regulatory Framework**

Congress passed PURPA in 1978 in response to the energy crisis that plagued the nation at the time. *F.E.R.C. v. Mississippi*, 456 U.S. 742, 745 (1982). Section 210 of PURPA seeks to decrease the United States' reliance on oil and natural gas by encouraging the development of energy-efficient cogeneration and small power production facilities. *Id.*

1

at 750. *See* 16 U.S.C. § 824a-3. These facilities are known as "qualifying facilities" under PURPA.

Congress found that traditional electric utilities' reluctance to transact with these nontraditional facilities poses an obstacle to their development. *Id.* And so, Congress directs the Federal Energy Regulatory Commission ("FERC") to promulgate rules mandating that electric utilities purchase energy from qualifying facilities under section 210(a) of PURPA. 16 U.S.C. § 824a-3(a). In accordance with PURPA's directive, the FERC promulgates regulations requiring utilities to purchase electricity from qualifying facilities "at a rate equal to the utility's full avoided cost*." Am. Paper Inst., Inc. v. Am. Elec. Power Serv. Corp.*, 461 U.S. 402, 405–06 (1983) (citing 18 C.F.R. § 292.304(b)(2)). Utilities must purchase electricity from qualifying facilities once a contract or legally enforceable obligation arises, and must pay the qualifying facility the avoided costs that are calculated either "at the time of delivery" or at "at the time the obligation is incurred." 18 C.F.R. § 292.304(d). Additionally, section 210(f) of PURPA instructs state regulatory authorities to implement these FERC rules. 16 U.S.C. § 824a-3(f); *see also Portland Gen. Elec. Co. v. FERC*, 854 F.3d 692, 695 (D.C. Cir. 2017) ("Under PURPA, state utility commissions are responsible for calculating the avoided-cost rates for utilities subject to their jurisdiction").

In Minnesota, the MPUC is the agency tasked with implementing and enforcing PURPA. [ECF No. 1-1, Ex A "MPUC Order," 4.] To implement PURPA, the MPUC has

adopted Minnesota Statute § 216B.164 and Minnesota Rule Chapter 7835. [*Id.* at 3–4.] This framework allows the MPUC to resolve disputes between utilities and qualifying facilities. *Id.* at 4. The MPUC is empowered to determine the avoided cost of a utility. *Id.* at 10. To assist with this determination, the MPUC requires utilities to submit annual reports called small power production tariffs ("SPP Tariffs"). Minn. R. 7835.0300. These SPP Tariffs must include the estimated energy costs for the utility. Minn. R. 7835.0500.

## II. Factual Background

On December 7, 2016, Red Lake Falls filed a complaint with the MPUC, arguing that it had a legally enforceable obligation with Otter Tail Power Company. (MPUC Order at 1.) The complaint was referred to an administrative law judge, who issued findings of facts and conclusions of law. (*Id.* at 1–2.) The MPUC then considered the findings and conclusions of the administrative law judge. (*Id.* at 2.) The MPUC found that Red Lake Falls is developing a qualifying facility; there is a legally enforceable obligation between Red Lake Falls and Otter Tail Power Company; the legally enforceable obligation was established on December 7, 2016; the length of the legally enforceable obligation is 20 years. *Id.* Finally, the MPUC determined that the avoided cost rate was equivalent to the Otter Tail Power Company's 2017 SPP Tariff ("2017 SPP Tariff") filed on January 3, 2017. (*Id.* at 2, 13.)

In determining the avoided cost rate, the MPUC reviewed the twelve methods of calculation proposed by both Red Lake Falls and Otter Tail Power Company. (*Id.* at 11.)

3

It determined that the 2017 SPP Tariff "closely corresponds to the time the [legally enforceable obligation] was established in this matter in December 2016." (*Id.* at 13.) The 2017 SPP Tarriff "is one of the 12 options advanced by the parties, considered by the ALJ, and is a calculation specifically supported by both Otter Tail and the Department." (*Id.*) The MPUC stated it was exercising the discretion given to it under statute to set the avoided cost. *Id.*; *see also* Minn. Stat. § 216B.164 subd. 4(b).

Red Lake Falls petitioned for reconsideration of the MPUC's determination of the avoided cost. [ECF No. 1-1, Ex. B at 1.] The MPUC declined to reconsider, finding that its earlier order aligned with the facts, law, and public interest. (*Id.* at 1–2.) Red Lake Falls then filed a petition for enforcement against the MPUC under 210(h)(2)(B) of PURPA. [ECF No. 1-1, Ex. D at 1.] The FERC issued a Notice of Intent Not to Act, which stated that Red Lake Falls may sue the MPUC "in the appropriate court." (*Id.*)

Red Lake Falls then filed this suit claiming that the MPUC's decision to use the 2017 SPP Tariff violated PURPA because it failed to implement 18 C.F.R. § 292.304(d) ("the 304(d) Regulation"). The 304(d) Regulation provides that a qualifying facility can elect to have an avoided cost rate set when the project incurs the legally enforceable obligation. 18 C.F.R. § 292.304(d). Red Lake Falls argues that by setting the avoided cost based on the 2017 SPP Tariff filed in January 2017, when the legally enforceable obligation was incurred in December 2016, the MPUC failed to implement the 304(d) Regulation.

4

The MPUC argues that this is an as-applied challenge and moves to dismiss for lack of subject-matter jurisdiction.

**LEGAL STANDARD**

When a party brings a challenge to the Court's subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether it has the authority to decide the claims at issue. *Spine Imaging MRI, L.L.C. v. Liberty Mut. Ins. Co.*, 743 F. Supp. 2d 1034, 1038–39 (D. Minn. 2010). A Rule 12(b)(1) motion may either challenge a complaint on its face or the "factual truthfulness" of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). MPUC has made a facial challenge, so "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* When reviewing a facial challenge, the Court "may take judicial notice of public records." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). The burden of proving subject-matter jurisdiction falls on the party asserting jurisdiction. *V S Ltd. P'ship v. Dep't. of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**ANALYSIS**

Whether the Court has subject-matter jurisdiction depends on what claim Red Lake Falls has alleged in the complaint. Sections 210(g)-(h) of PURPA create "an overlapping scheme of federal and state judicial review of state regulatory action taken pursuant to PURPA." *Greenwood ex rel. Estate of Greenwood v. N.H. Pub. Utils. Comm'n*, 527

5

F.3d 8, 10 n.1 (1st Cir. 2008). As relevant here, PURPA's enforcement scheme contemplates two types of private actions against a state utility regulatory agency: "implementation" challenges and "as-applied" challenges. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014); *see also Power Res. Grp., Inc., v. Pub. Util. Comm'n of Tex.*, 422 F.3d 231, 234–35 (5th Cir. 2005).

An implementation challenge asks whether a state agency "has improperly implemented the PURPA regulations." *Swecker v. Midland Power Coop*, 807 F.3d 883, 886 (8th Cir. 2015). Typically, that means challenging the allegedly unlawful regulation itself. *See, e.g.*, *Exelon Wind 1*, 766 F.3d at 393 (holding some of Exelon Wind 1's claims were implementation claims because they challenged a specific state rule). An as-applied challenge asks whether a state agency's "implementation plan is unlawful, as it applies to or affects an individual petitioner." *Power Res. Grp.*, 422 F.3d at 235 (citation and quotation marks omitted). One type of as-applied claim challenges "the calculation of a specific avoided cost[] rate." *Swecker*, 807 F.3d at 886.

While federal district courts have exclusive jurisdiction over implementation challenges, only state courts may hear as-applied challenges. *Power Res. Grp.*, 422 F.3d at 235. Additionally, a party seeking to bring an implementation challenge may only do so after having petitioned the FERC to bring an implementation enforcement action, and only if the FERC has not started an action within sixty days of receiving the petition. 16 U.S.C. § 824a-3(h)(2)(B).

6

Red Lake Falls argues it brought an implementation claim even though it is challenging the MPUC Order and not any specific regulation. The reasoning behind this claim is that there is no on-point regulation to challenge. The MPUC has adopted no regulation prescribing the calculation of the avoided cost rate. State agencies "may comply with the statutory requirements by issuing regulations, by resolving disputes on a case-by-case basis, or by taking any other action reasonably designed to give effect to FERC's rules." *F.E.R.C. v. Miss.*, 456 U.S. at 751. Red Lake Falls argues that when the state fails to adopt regulations, the state has implemented regulations through case-by-case adjudication.

Thus, according to Red Lake Falls, the MPUC Order in effect implemented a regulation. The Court has reviewed the MPUC Order to determine if it provides a basis for jurisdiction. *See Stahl*, 327 F.3d at 700 (permitting judicial notice of public records). That review reveals that Red Lake Falls has not brought an implementation claim. Courts have found implementation claims when the plaintiff challenges an order that interprets a PURPA regulation or announces a bright-line rule. *See, e.g.*, *Exelon Wind 1*, 766 F.3d at 390–91 (reversing the lower court's finding that the public utility commission announced a bright line rule in the present case, but leaving open the possibility that public utility commission determinations could support an implementation challenge.)[1] When the

---

[1] The FERC makes a similar argument when it litigates PURPA challenges. In *FERC v. Idaho Public Util. Com'n*, it argued it brought an implementation challenge because the Idaho Public Utility Commission specifically announced in its adjudication that it was

agency does not clearly announce a rule in the order, any challenge to the order is an as-applied challenge. *See, e.g.*, *Exelon Wind 1*, 766 F.3d at 390–91 (finding that a claim was an as-applied challenge because the agency did not create a categorical rule and "left open the possibility that other" qualifying facilities could comply with the agency requirements). "[T]he fact that as-applied challenges may establish precedent relevant to future cases does not transform them into facial or implementation challenges." *Id.* at 391.

The Court determines that the MPUC did not announce a bright-line rule on the calculation of the avoided cost rate. Instead, the MPUC relied on its discretion. *See* MPUC Order at 13. The MPUC announced no factors, no test, and no mandatory considerations. And it is clear from the order that the MPUC did not believe it was interpreting or implementing a regulation. It was trying to apply the plain language of federal and state regulations, and there was no conflict in applying both. MPUC Order at 13.

In making its decision, the MPUC made an individualized determination based on the facts and arguments before it. The MPUC stated that it was determining the avoided cost rate when the legally enforceable obligation was formed under PURPA and the Minnesota statute. *See* MPUC Order at 10 (citing 18 C.F.R. 292.304(d)(2)), 13 (citing Minn. Stat. § 216B.164 subd. 4(b)). It used the rate published closest to that date. *See* MPUC Order at 13. Red Lake Falls argues that the result—an avoided cost based on data filed

---

applying a "bright line rule" and the rule violated PURPA. Plaintff's Reply in Support of Motion for Leave to Amend Complaint, *FERC v. Idaho Public Util. Com'n.*, No. 13-CV-141 (EJL/REB) (D. Idaho Jul. 29, 2013), ECF No 41.

after the legally enforceable obligation formed—violates PURPA. At its heart, this challenge is an as-applied challenge. Red Lake Falls wants a redetermination of the avoided cost rate. Its contention is that the MPUC's determination was erroneous because it considered improper data. Challenges to the information an agency relies on to make a determination have been found to be as-applied challenges. *See, e.g.*, *Swecker*, 807 F.3d at 886 (labeling an argument that the avoided cost rate was based on "false information" an as-applied challenge). Red Lake Falls is challenging the rate itself, which only applies to itself. This is an as-applied challenge. *See, e.g.*, *Exelon Wind 1*, 766 F.3d at 391 (holding that a challenge to a public utilities commission order, which applied a state rule, was an as-applied challenged because it effectively was a challenge to the rule as-applied to the petitioner). Because Red Lake Falls brought an as-applied challenge, the Court does not have subject-matter jurisdiction over the complaint.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss Complaint [ECF No. 12] is GRANTED; and

2. The matter is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 18, 2020                    BY THE COURT:

                                                  s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge